**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORIK BARAKEZYAN, as an individual, on behalf of himself, all others similarly situated, and the general public, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; DOES, 1 through 100, inclusive, <br><br> Defendants-Appellees. | No. 16-56094 <br><br> D.C. No. 2:16-cv-00173-SJO-GJS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 13, 2018
Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and QUIST,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Norik Barakezyan appeals the dismissal with prejudice of his class action alleging that BMW's carbon ceramic brakes ("CCBs") were defective and thereby breached BMW's express warranty and the implied warranty of merchantibility, and violated California's Unfair Competition Law ("UCL"), California Business & Professions Code section 17200. We review de novo, *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015), and we reverse and remand for further proceedings.

1.      Barakezyan's Second Amended Complaint ("SAC") contains adequate, plausible allegations that the CCB defect was a manufacturing defect and thereby violated BMW's express warranty. The fact that the SAC alleges that all BMW CCBs exhibit the defect does not preclude the defect from being a manufacturing defect—under California law a manufacturing defect encompasses instances where products differ, even uniformly, from a manufacturer's intended result or design. *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 429 (1978); *see also Escola v. Coca Cola Bottling Co.*, 24 Cal. 2d 453, 459 (1944); *Garrett v. Howmedica Osteonics Corp.*, 153 Cal. Rptr. 3d 693, 706–07 (Cal. Ct. App. 2013); *In re Coordinated Latex Glove Litig.*, 121 Cal. Rptr. 2d 301, 315 (Cal. Ct. App. 2002), *as modified on denial of reh'g* (July 15, 2002). The SAC meets that standard by alleging that BMW's CCBs have tension relief cracks, deviating from

2

BMW's design. And furthermore, the SAC does not allege an entirely uniform CCB defect because it states that the defect manifests at different mileages, temperatures, and severities—allegations which must be taken as true when adjudicating a motion to dismiss.

2. Barakezyan's Third Amended Complaint ("TAC") sufficiently alleges that the CCB defect constitutes a substantial safety hazard and thereby breaches the implied warranty of merchantibility. *See Mexia v. Rinker Boat Co.*, 95 Cal. Rptr. 3d 285, 289 (Cal. Ct. App. 2009). Taking the allegations as true, the CCBs, when engaged, emit an extremely loud, long, high-pitched noise, which has, on numerous occasions, distracted Barakezyan and other BMW drivers, as well as nearby pedestrians. That, along with allegations that the noise is intermittent and manifests at different mileages, meaning that the noise has the potential to surprise, at least plausibly pleads a safety hazard, even if the danger is somewhat less than that caused by a malfunctioning sunroof that opens on a highway and causes a blizzard of papers. *Cf. Brand v. Hyundai Motor Am.*, 173 Cal. Rptr. 3d 454, 459, 461 (Cal. Ct. App. 2014).[1] Barakezyan need not wait for a dangerous situation to occur to vindicate his right to a vehicle free of substantial safety hazards.

---

[1] We also note that the district court cited no authority for the rule that noise alone cannot constitute a safety hazard, and no such authority has been presented or located on appeal.

3. As BMW admits, because Barakezyan sufficiently pleaded violations of express and implied warranties, he sufficiently pleaded a violation of the unlawful prong of the UCL. *Berryman v. Merit Prop. Mgmt., Inc.*, 62 Cal. Rptr. 3d 177, 185–86 (Cal. Ct. App. 2007). BMW also admitted at oral argument that, as for the UCL's fraudulent prong, sufficiently pleading a substantial safety hazard caused by a defect for merchantibility is also sufficient under a duty to disclose theory, as pleaded here.

Finally, as for the UCL's unfair prong, the TAC is sufficient under either test. Taking the allegations as true, the CCB's price premium, acquired through failing to disclose a substantial safety hazard, is a substantial consumer injury. That injury is not reasonably avoidable by consumers and there is no countervailing benefit to consumers or competition by BMW failing to disclose its allegedly defective and dangerously loud CCBs. *See Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 130 (Cal. Ct. App. 2006), *as modified* (Nov. 8, 2006). And those same facts constitute an anticompetitive business practice harmful to consumers. *See Belton v. Comcast Cable Holdings, LLC*, 60 Cal. Rptr. 3d 631, 640–41 (Cal. Ct. App. 2007). Since the TAC alleges that other CCB manufacturers make non-defective CCBs, the fact that those manufacturers fail to make a disclosure is irrelevant.

4

**REVERSED; REMANDED FOR FURTHER PROCEEDINGS.**